**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| Center City Healthcare, LLC d/b/a Hahnemann University Hospital, *et al.* | ) Case No. 19-11466 (MFW) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, and St. Christopher's Healthcare, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Adversary No. 22-50262 (MFW) |
| Medtronic USA, Inc. and Medtronic Xomed, Inc., | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT TO FOR AVOIDANCE AND**
**RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548**
**& 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Medtronic USA, Inc. and Medtronic Xomed, Inc. ("**Defendant**"), hereby respond to the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* (the "**Complaint**"), filed by the above-captioned plaintiffs ("**Plaintiffs**") and state:

**Nature of Action**

1. Defendant admits that the Complaint filed in this action seeks to avoid and recover alleged preferential and/or fraudulent transfers, however Defendant expressly denies that any preferential or fraudulent transfer(s) occurred. Defendant further states

that the record in Adv. Proc. No. 22-50262 (MFW), including the Complaint, speaks for itself.

2. Denied as stated. Defendant admits that the Complaint filed in this action seeks to avoid and recover alleged fraudulent transfers from Defendant only, however Defendant expressly denies that any preferential or fraudulent transfer(s) occurred. Defendant further states that the record in Adv. Proc. No. 22-50262 (MFW), including the Complaint, speaks for itself.

3. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs. Further, the allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. Admitted.

5. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs. Further, the allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant reserves all rights.

**The Parties**

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant admits that Medtronic USA, Inc. and Medtronic Xomed, Inc. are affiliated entities. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations of paragraph 13 and they are therefore denied and Defendant leaves Plaintiffs to their proofs.

14. Admitted.

## Jurisdiction and Venue

15. Admitted.

16. Admitted.

17. Pursuant to Local Rule 7008-1, Defendant consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

18. Admitted.

## Facts

19. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and

Defendant leaves Plaintiffs to their proofs.  Further, the allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required.

20. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.  Further, the allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required.

21. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.  Further, the allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required.

22. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.

23. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.

24. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.  Further, the allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required.

25. Admitted.

26. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.

27. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.  Further, the allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required.

28. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.

29. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs.  Further, the allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required.

30. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding.  Defendant further states that to the extent that paragraph 30 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 30 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 30 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

31. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding. Defendant further states that to the extent that paragraph 31 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 31 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 31 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

32. Defendant admits only that the Debtors have filed a proposed plan of liquidation, the terms of which speak for themselves.

33. Admitted.

34. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations and they are therefore denied and Defendant leaves Plaintiffs to their proofs. Further, the allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required.

**First Claim for Relief**

**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

35. Defendant repeats, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the

precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding.  Defendant further states that to the extent that paragraph 36 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 36 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 36 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

37. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding.  Defendant further states that to the extent that paragraph 37 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 37 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 37 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

38. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding.  Defendant further states that to the extent that paragraph 38 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 38 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth

or accuracy of the remaining allegations contained in paragraph 38 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

39. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding. Defendant further states that to the extent that paragraph 39 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 39 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 39 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

40. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding. Defendant further states that to the extent that paragraph 40 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 40 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 40 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Admitted, but Defendant denies any legal obligation to do so.

44. The allegations contained in paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

### Second Claim for Relief

### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548)

45. Defendant repeats, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Defendant admits only that it received certain payments from the Debtors during the 90-day time period immediately prior to the Debtors' bankruptcy filings, the precise scope and nature of which Defendant anticipates will be reconciled during the discovery process in this adversary proceeding. Defendant further states that to the extent that paragraph 46 of the Complaint states a legal conclusion, no responsive pleading is required and to the extent that paragraph 46 of the Complaint states a factual conclusion, Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 46 of the Complaint, and thus denies same and leaves Plaintiffs to their proofs.

47. The allegations contained in paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

### Third Claim for Relief

### (Recovery of Property – 11 U.S.C. § 550)

48. Defendant repeats, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. The allegations contained in paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. The allegations contained in paragraph 50 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 50 of the Complaint.

### Fourth Claim for Relief

### (Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))

51. Defendant repeats, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. The allegations contained in paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. The allegations contained in paragraph 53 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint

54. The allegations contained in paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 54 of the Complaint and further states that 11 U.S.C. § 502(d) and (j) speak for themselves.

## AFFIRMATIVE DEFENSES

Defendant denies all allegations in the Complaint not expressly admitted above. Defendant asserts that Plaintiffs' claims against Defendant should be denied in whole or in part by the defenses set forth below. By setting forth the following defenses, Defendant does not concede that it should bear the burden of proof or persuasion on any of the defenses. Also, Defendant asserts that some of the allegations and claims in the Complaint are vague and, as a result, Defendant is not able to ascertain what, if any, other defenses may be available to deny those allegations and claims in whole or in part. Therefore, Defendant hereby gives notice that it intends to rely on additional defenses that become available or apparent during discovery and reserves the right to amend this Answer to assert such additional defenses:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs may not avoid the alleged transfers to Defendant as such alleged transfers were intended by the Debtors and Defendant to or for whose benefit such transfers were made to be a contemporaneous exchange for new value given to the

Debtors; and were in fact substantially contemporaneous exchanges pursuant to section 547(c)(1) of the Bankruptcy Code, 11 U.S.C. § 547(c)(1).

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs may not avoid the alleged transfers as such alleged transfers were made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, were made in the ordinary course of business or financial affairs of the Debtors and Defendant, and/or were made according to ordinary business terms, and accordingly are not avoidable pursuant to section 547(c)(2) of the Bankruptcy Code, 11 U.S.C. § 547(c)(2).

## THIRD AFFIRMATIVE DEFENSE

After the alleged transfers, to the extent the Defendant gave new value to or for the benefit of the Debtors, which was not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise avoidable transfer to or for the benefit of Defendant, the alleged transfers are not avoidable pursuant to section 547(c)(4) of the Bankruptcy Code, 11 U.S.C. § 547(c)(4).

## FOURTH AFFIRMATIVE DEFENSE

To the extent: (i) the Debtors or Plaintiffs objected to any claim filed by Defendant; or (ii) Defendant has a scheduled claim, a valid proof of claim or is entitled to an administrative claim against the Debtors' estates, the Plaintiffs may not avoid the alleged transfers to Defendant, and Defendant expressly reserves its rights to setoff any of its claims against the alleged transfers.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent the Debtors were solvent when the alleged transfer was made, the Plaintiffs may not avoid the alleged transfers to Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent any executory contract which formed the basis of the alleged transfers from Debtors to Defendant was assumed pursuant to 11 U.S.C. § 365 by the Debtor and/or its estate, the Plaintiff may not avoid the alleged transfer.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the alleged transfers from the Debtor were not made within the applicable statutory period prior to the Petition Date, the Plaintiffs may not avoid the alleged transfer to Defendant.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that any of the alleged transfers from the Debtors was a prepayment, such prepayment does not constitute a preference and the Plaintiffs may not avoid the alleged transfers to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Defendant gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery and reserves its right to assert any additional defenses.

**Conclusion**

WHEREFORE, Defendant respectfully requests: (i) judgment dismissing the Complaint with prejudice; or (ii) upon trial of this matter, judgment denying all relief requested by the Plaintiffs and granting Defendant attorney's fees and costs in defending

against Plaintiffs' Complaint; and (iii) such other and further relief as this Court deems just and equitable.

Dated: June 20, 2022                                   GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

*Counsel for Medtronic USA, Inc. and Medtronic Xomed, Inc.*